**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 1 8 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JOHN C. GALLAGHER | § | |
| | § | |
| VS. | § | |
| | § | |
| CHRIS JOHN GLEASMAN, DISTRICT | § | Civil Action No. _____ |
| DIRECTOR, UNITED STATES | § | |
| DEPARTMENT OF LABOR, OFFICE | § | |
| OF WORKERS' COMPENSATION | § | **C-00-070** |
| PROGRAMS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND MOTION FOR MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOHN C. GALLAGHER, Plaintiff, complaining of CHRIS JOHN GLEASMAN, in his official capacity as District Director, United States Department of Labor, Office of Workers' Compensation Programs, hereinafter referred to as Defendant, and for cause of action would respectfully show the Court as follows:

### PARTIES

1.    Plaintiff is a resident and citizen of Nueces County, Texas and is the injured claimant/injured employee in a workers' compensation claim under the provisions of the Longshore and Harbor Workers' Compensation Act, number 08-108980, styled *John C. Gallagher, Claimant v. James J. Flanagan Stevedoring, Employer*, administered by the United States Department of Labor, Office of Workers' Compensation Programs.

2.    Defendant Chris John Gleasman, is the District Director, United States Department Of Labor, Office of Workers' Compensation Programs, hereinafter "OWCP," whose business address is U.S. Department of Labor/OWCP, 8866 Gulf Freeway, Suite 140, Houston, Texas 77017-6528.  Service

of Process may be had via Certified Mail/Return Receipt Requested to Chris John Gleasman at U.S. Department of Labor/OWCP, 8866 Gulf Freeway, Suite 140, Houston, Texas 77017-6528; via Certified Mail/Return Receipt Requested to Mervyn M. Mosbacker, U. S. Attorney, P.O. Box 61129, Houston, Texas 77208, Attention Civil Process Clerk; and via Certified Mail/Return Receipt Requested to Janet Reno, United States Attorney General, U. S. Department of Justice, 950 Pennsylvania Avenue, Washington, D.C. 20530-0001.

## AUTHORITY OF THE COURT

3.      This action is brought pursuant to provisions of Title 28, United States Code, Section 1361, and Title 33, United States Code, Section 919(c). Jurisdiction in this Court is predicated on the Mandamus and Venue statute which provides that "the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (28 U.S.C. § 1361). This action is brought to compel the District Director, OWCP, to refer the plaintiff's compensation claim to the Office of the Administrative Law Judges for hearing under the provisions of 33 U.S.C. § 919(c), a duty which is clear, certain and is ministerial in nature.

4.      Chris John Gleasman is the District Director, OWCP, and is charged with the general administration of claims under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.,* in the Eighth Compensation District. 33 U.S.C. § 919(a)-(c) sets forth the administrative functions of the district director, OWCP (deputy commissioner) and 33 U.S.C. § 919(d) sets forth the adjudicatory functions of the Administrative Law Judges (hearing examiners). The district director's duties are primarily administrative in nature and are directed towards informal resolution of issues in controversy between the parties. When the parties fail to reach agreement

2

through informal proceedings, the case must be transferred to the Office of the Administrative Law

Judges for adjudication under 33 U.S.C. § 919(d).  33 U.S.C. § 919(c) enacted in conjunction with

the 1972 amendments to the Longshore Act, withdrew from district director (deputy commissioners)

the power to conduct adjudicatory hearings and vested those duties in the administrative law judges.

## DISTRICT DIRECTOR'S STATUTORY DUTY

Section 19(c) of the Longshore and Harbor Workers' Compensation Act provides that the deputy

commissioner (district director)

> "The deputy commissioner shall make or cause to be made such
> investigations as he considers necessary in respect of the claim, and
> upon application of any interested party **shall** order a hearing thereon
> . . . ." (emphasis added)

33 U.S.C. § 919(c).

The mandatory nature of § 919(c) is restated in the Regulations governing the administration of the

Longshore and Harbor Workers' Compensation Act.  20 C.F.R. 702.316 states:

> ". . . or if any party has requested a hearing, the district director **shall**
> prepare the case for transfer to the Office of the Chief Administrative
> Law Judge."  (emphasis added)

20 C.F.R. § 702.316.

Once a request for a hearing has been made, the district director has a clear, ministerial and

nondiscretionary duty pursuant to 33 U.S.C. § 919(c) to transfer the claim to the Office of the

Administrative Law Judges for a hearing and has no discretion to delay performance of his duty until

such time as he decides that a hearing is either necessary or administratively convenient.  To do

otherwise would effectively defeat the mandatory language of the statutory provisions.

3

## MANDAMUS

5.      Mandamus is appropriate when the claim is clear and certain and the duty of the officer is ministerial. [*Giddings v. Chandler*, 979 F.2d 1104 (5th Cir.1992); *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179 (9th Cir.1983)]. The duty of the district director in this case stems from the text of the Longshore and Harbor Workers' Compensation Act [33 U.S.C. § 919(c)], which provides that upon application of any interested party the district director shall order a hearing. The duty of the district director is a clear, non-discretionary and mandatory duty on the part of the district director as decided by the Courts in *Atlantic & Gulf Stevedores, Inc. v. Donovan*, 274 F.2d 794, 802 (5th Cir.1960); *Pyro Mining Co. v. Slaton*, 879 F.2d 187, 190 (6th Cir.1989) and *Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, (CRT) (5th Cir. 1994). Mandamus is the proper remedy to redress the district director's failure to carry out his duty to refer the claim to the Office of the Administrative Law Judges for hearing upon request [*Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, (CRT) (5th Cir. 1994); *Atlantic & Gulf Stevedores, Inc. v. Donovan*, 274 F.2d 794 (5th Cir. 1960).

## HISTORY OF EVENTS

6.      John C. Gallagher, hereinafter Gallagher, sustained injury On January 20, 1995 while employed by James J. Flanagan Stevedoring. His claim is covered under the provisions of the Longshore and Harbor Workers' Compensation Act. The insurance carrier initially paid compensation for a brief period of time and then controverted (disputed) Gallagher's injury and entitlement to medical care. Gallagher's compensation claim was referred to the Office of the Administrative Law Judges for hearing (trial) on April 21, 1997, the claim was tried on October 6, 1997 and the Administrative Law Judge's Decision and Order (trial verdict) was filed on February

CMPDF - www.texlo.com

23, 1998. Almost immediately, disputes arose concerning the carrier's responsibility to provide medical care under the provisions of 33 U.S.C. § 907. The medical disputes were not resolved by the District Director to Gallagher's satisfaction and on May 11, 1998, Gallagher, through his attorneys, requested in writing that his claim be referred back to the Office of the Administrative Law Judges for an additional hearing to resolve the disputes [Exhibit 1]. On August 3, 1998, Gallagher filed his pre-hearing statement and again requested that his claim be referred to the Office of the Administrative Law Judges for hearing [Exhibit 2]. Since that date Gallagher has made numerous additional requests for his claim to be referred to the Office of the Administrative Law Judges, both verbally [Exhibit 3] and in writing [Exhibit 4]. As of February 17, 2000, the district director has still failed, or refused to refer Gallagher's disputed claim to the Office of the Administrative Law Judges as required by 33 U.S.C. § 919(c).

**WHEREFORE PREMISES CONSIDERED** Plaintiff prays that citation issue and be served upon said Defendant in the form and manner prescribed by law, requiring Defendant appear and answer herein; and the Court issue an Order of Compelling Chris John Gleasman, District Director, OWCP, within ten (10) days of the date of the Order to refer Plaintiff's OWCP file number 08-108980, styled ***John C. Gallagher, Claimant v. James J. Flanagan Stevedoring, Employer***, to the Office of the Administrative Law Judges for hearing under the provisions of 33 U.S.C. § 919(c)(d); and costs of court, attorney fees and all such other relief, both at law and in equity, to which he shows himself justly entitled.

5

CVAPDF - www.fesisi.com

Respectfully submitted,

**DOUGLAS E. DILLEY, P.C.**
**PHIL WATKINS, P.C.**
600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473
(361) 884-4470
(361) 884-4486          FAX

By: _____

PHIL WATKINS
Attorney in Charge
Federal ID No. 20710
State Bar No. 20927400

**ATTORNEYS FOR PLAINTIFF**
**JOHN C. GALLAGHER**

## CERTIFICATE OF CONSULTATION

Pursuant to U.S. DISTRICT COURT-S.D. Local Rule 6, movant has conferred with Chris John Gleasman, and the parties cannot agree about the disposition of Plaintiff's Complaint and Motion for Mandamus.

_____
PHIL WATKINS

CSMPDF - www.texisi.com

# HIL WATKINS, P.C

## ATTORNEYS AT LAW

✦ **Phil Watkins**
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization
✦ **Suzette Skolka Kinder**
✦ **Steve Cichowski, P.E.**
✦ **R. Chris Pittard**
✦ **Michael S. Miller**
✦ **Craig L. White, P.C.**
   Of Counsel
✦ **John F. Younger, Jr.**
   Of Counsel
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization

600 Leopard Street, Suite 805
Corpus Christi, Texas 78473
Telephone (512) 884-4470
1-800-672-2750
Fax (512) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator

May 11, 1998

Mr. Chris J. Gleasman
District Director
U. S. Department of Labor
8866 Gulf Freeway, Suite 140
Houston, Texas 77017

| Re: | Claimant | : | John C. Gallagher |
|---|---|---|---|
| | Insured | : | James J. Flanagan Stevedoring |
| | D/A | : | 01/20/95 |
| | OWCP No. | : | 8-108980 |
| | Our File No. | : | 97-9-CC |

Dear Mr. Gleasman:

Attached for your review and completion of your records is a copy of Dr. Gilbert R. Meadows' report of April 16, 1998. As you can see, Dr. Meadows recommends that the claimant undergo a lumbar discogram to complete his diagnostic work-up. I am also attaching a copy of a letter received from Dr. William Robbins' office concerning the carrier's refusal to authorize the recommended diagnostic testing.

The testimony in the file is clear that Dr. Wilk, the authorized treating physician, referred Gallagher to Dr. Meadows for active treatment of his back injuries. The carrier has stipulated and the Judge has found that the claimant's back injuries are related to the original injury and they have no justification in refusing to authorize the recommended diagnostic testing.

We hereby make formal demand upon the carrier's counsel to provide such diagnostic testing and in the event that the carrier does not authorize the testing, we request that you issue a formal order instructing the carrier to provide the recommended diagnostic testing. If for some reason, you chose not to issue a Formal Order, we request an immediate referral back to the Office of the Administrative Law Judges for a hearing on the carrier's refusal to provide medical care.

Very truly yours,

James T. Smith
LHWCA Case Coordinator

JTS/jls
Enclosure
gallagherdiag.dol



EXHIBIT
1

Mr. Chris J. Gleasman
May 11, 1998
Page Two


cc:     Mr. Charles F. Herd, Jr.
        Rice Fowler
        4 Houston Center, Suite 1560
        1331 Lamar Street
        Houston, Texas 77010-3028


        Mr. John Gallagher
        P.O. Box 331402
        Corpus Christi, Texas 78463-1402

# PHIL WATKINS, P.C

## ATTORNEYS AT LAW

✦ Phil Watkins
    Board Certified
    Personal Injury Trial Law
    Texas Board of Legal Specialization
✦ Suzette Skolka Kinder
✦ Steve Cichowski, P.E.
✦ R. Chris Pittard
✦ Michael S. Miller
✦ Craig L. White, P.C.
    Of Counsel
✦ John F. Younger, Jr.
    Of Counsel
    Board Certified
    Personal Injury Trial Law
    Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473
Telephone (512) 884-4470
1-800-672-2750
Fax (512) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator

August 3, 1998

Ms. Sakeenah Mubashshir
U. S. Department of Labor
8866 Gulf Freeway, Suite 140
Houston, Texas 77017

Re:    Claimant      :    John C. Gallagher
       Insured       :    James J. Flanagan Stevedoring
       D/A        :    01/20/95
       OWCP No.  :    8-108980
       Case No.   :    97-LHC-1601
       Our File No. :    97-9-CC

Dear Ms. Mubashshir:

Pertinent to the above-entitled and numbered cause, we enclose for your consideration and filing the following:

### Claimant's Form LS-18

Please refer the claim to the Office of the Administrative Law Judges for Hearing as soon as possible. The claim is actually still pending before Judge C. Richard Avery on the issue of attorney fees.

Thank you for your courtesies in this regard.

Respectfully submitted,

Phil Watkins

PW/jls
Enclosure as stated

gallagherLS18 cvt



EXHIBIT
2

Ms. Sakeenah Mubashshir
August 3, 1998
Page Two


cc:     Mr. Charles F. Herd, Jr.
        Rice & Fowler
        4 Houston Center, Suite 1560
        1331 Lamar Street
        Houston, Texas 77010-3028

        Enclosure

        Mr. James E. White
        Regional Solicitor
        Office of the Solicitor
        525 Griffin Street, Suite 501
        Dallas, Texas 75202

        Enclosure

# Pre-Hearing Statement
Longshore and Harbor Workers' Compensation

## U.S. Departme    of Labor
Employment Standards Administration
Office of Workers' Compensation Programs



| This form is mandatory and is required by regulation (20 CFR 702.317). Failure to return this form at the required time can cause delay in preparation of the case for formal hearing. The form will be used by OWCP to refer the claim for a formal hearing. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. | OMB No. 1215-0085 |
| --- | --- |

| 1. Employee's name (Last, first, middle) | OWCP No. | Carrier No. |
| --- | --- | --- |
| John C. Gallagher | 08-108980 - 97-LHC-1601 | |

| 2. Name, address and phone number of party on whose behalf this form is submitted: | 3. Name, address and phone number of party's representative: |
| --- | --- |
| John C. Gallagher<br>P.O. Box 331402<br>Corpus Christi, Texas | Phil Watkins<br>Phil Watkins, P.C.<br>600 Leopard, Suite 1700<br>Corpus Christi, Texas 78473 |
| Telephone No. | Telephone No.   (512) 884-4470 |

**4.** Briefly state the facts of the claim:

Claimant sustained an accident on January 20, 1995 which has resulted in injuries to his right foot, left knee, hip, leg, shoulder and back.

**5.** State the issues on which the parties have reached agreement:

1. Fact of injury
2. Average weekly wage
3. Jurisdiction is proper under the LHWCA

4.   Section 12 & 13 have been complied with timely
5.   Causal relationship of back injuries to the January 20, 1995 accident
6.   Claimant is presently temporarily totally disabled

**6.** State the issues you will present for resolution at formal hearing:

1. Carrier's refusal to provide medical care

**7.** List the names of witnesses who will testify in person on your behalf at formal hearing. Also list reports that are to be submitted in lieu of live testimony:

1. Dr. Gilbert Meadows
2. Dr. Lawrence Wilk
3. John C. Gallagher
4. Additional un-named orthopedic surgeons

**8.** List all exhibits, other than reports listed in item 7 above, you intend to submit at the formal hearing. (Use separate sheet or sheets if necessary). If you want the district director to send the exhibits to the Office of Administrative Law Judges, you must submit them with this form:

| 9. Estimate total hours needed for your witnesses to testify: | 10. If an interpreter is required, state language: | 11. Indicate the city of your preference for formal hearing: |
| --- | --- | --- |
| 3 hours | N/A | San Antonio, Texas or Corpus Christi, Texas |

Note: Any other matters pertinent to scheduling should be explained on a separate sheet attached to this form.

| 12. Type or print name of person completing form: | 13. Signature of person completing form: | 14. Date (Mo., day, year): |
| --- | --- | --- |
| Phil Watkins | *Phil Watkins* | August 3, 1998 |

Public Burden Statement

We estimate that it will take an average of 10 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Division of Longshore and Harbor Workers' Compensation, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. DO NOT SEND COMPLETED FORMS TO THIS OFFICE.

Form LS-18
Rev. June 1997

STATE OF TEXAS                          §
                                        §
COUNTY OF NUECES                        §

## AFFIDAVIT OF JAMES T. SMITH

BEFORE ME, the undersigned authority, on this day appeared James T. (Ted) Smith, who

is personally known to me, and first being duly sworn according to law, upon his oath deposed and

said:

"My name is James T. Smith. I am over 18 years of age, and I reside in Corpus Christi, Texas. I have never been convicted of a crime, and I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I certify that between the dates of May 11, 1998 and the present date, I made a minimum of at least fifteen telephone calls or personal contacts with either Ms. Sakeenah Mubashshir, OWCP Claims Examiner, and/or Mr. Chris John Gleasman, OWCP District Director concerning referral of OWCP Case No. 08-108980, styled *John C. Gallagher, Claimant v. James J. Flanagan Stevedoring, Employer* to the Office of the Administrative Law Judges for hearing (trial) on the disputed medical issues involved in the claim."

JAMES T. SMITH

SUBSCRIBED AND SWORN TO on this 17th day of February 2000, to certify which witness my hand and official seal.

NOTARY PUBLIC FOR THE
STATE OF TEXAS

My commission expires:

RONNIE BROWN
Notary Public
STATE OF TEXAS
My Comm. Exp Jan 5, 2002

**EXHIBIT**

tabbies

**3**

# HIL WATKINS, P.C

## ATTORNEYS AT LAW

✦ **Phil Watkins**
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization
✦ **Suzette Skolka Kinder**
✦ **Steve Cichowski, P.E.**
✦ **R. Chris Pittard**
✦ **Michael S. Miller**
✦ **Craig L. White, P.C.**
Of Counsel
✦ **John F. Younger, Jr.**
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

600 Leopard Street, Suite 805
Corpus Christi, Texas 78473
Telephone (512) 884-4470
1-800-672-2750
Fax (512) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
———— o ————

May 11, 1998

Mr. Chris J. Gleasman
District Director
U. S. Department of Labor
8866 Gulf Freeway, Suite 140
Houston, Texas 77017

| Re: | Claimant | : | John C. Gallagher |
|---|---|---|---|
| | Insured | : | James J. Flanagan Stevedoring |
| | D/A | : | 01/20/95 |
| | OWCP No. | : | 8-108980 |
| | Our File No. | : | 97-9-CC |

Dear Mr. Gleasman:

Attached for your review and completion of your records is a copy of Dr. Gilbert R. Meadows' report of April 16, 1998. As you can see, Dr. Meadows recommends that the claimant undergo a lumbar discogram to complete his diagnostic work-up. I am also attaching a copy of a letter received from Dr. William Robbins' office concerning the carrier's refusal to authorize the recommended diagnostic testing.

The testimony in the file is clear that Dr. Wilk, the authorized treating physician, referred Gallagher to Dr. Meadows for active treatment of his back injuries. The carrier has stipulated and the Judge has found that the claimant's back injuries are related to the original injury and they have no justification in refusing to authorize the recommended diagnostic testing.

We hereby make formal demand upon the carrier's counsel to provide such diagnostic testing and in the event that the carrier does not authorize the testing, we request that you issue a formal order instructing the carrier to provide the recommended diagnostic testing. If for some reason, you chose not to issue a Formal Order, we request an immediate referral back to the Office of the Administrative Law Judges for a hearing on the carrier's refusal to provide medical care.

Very truly yours,

James T. Smith
LHWCA Case Coordinator

JTS/jls
Enclosure
gallagherdiag.dot

**EXHIBIT**
**4**

Mr. Chris J. Gleasman
May 11, 1998
Page Two


cc:    Mr. Charles F. Herd, Jr.
       Rice Fowler
       4 Houston Center, Suite 1560
       1331 Lamar Street
       Houston, Texas 77010-3028


       Mr. John Gallagher
       P.O. Box 331402
       Corpus Christi, Texas 78463-1402

# PHIL WATKINS, P.C

## ATTORNEYS AT LAW

✦ Phil Watkins
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization
✦ Suzette Skolka Kinder
✦ Steve Cichowski, P.E.
✦ R. Chris Pittard
✦ Michael S. Miller
✦ Craig L. White, P.C.
   Of Counsel
✦ John F. Younger, Jr.
   Of Counsel
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473
Telephone (512) 884-4470
1-800-672-2750
Fax (512) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
——— ○ ———

August 31, 1998

Ms. Sakeenah Mubashshir
U. S. Department of Labor
8866 Gulf Freeway, Suite 140
Houston, Texas  77017

Re:  Claimant     :  John C. Gallagher
     Insured      :  James J. Flanagan Stevedoring
     D/A          :  01/20/95
     OWCP No.     :  8-108980
     Our File No. :  97-9-CC

Dear Ms. Mubashshir:

Apparently, Ms. Ourso has a different version of the Longshore and Harbor Workers' Compensation Act than the copy that we relay upon. The issue of providing medical treatment is far from resolved. The carrier continues to refuse to authorize Dr. Wilk to examine or treat the claimant's knee and the issue of the appropriate treatment for the claimant's back is far from settled.

I find it interesting that the TENS unit has become such an over shadowing issue in opposing counsel's letter. Mr. Gallagher talked to a representative of PODA early in the handling of the dispute. He was informed by the PODA representative that the TENS unit approved by the carrier was not the same type of TENS unit that the physician had prescribed. We obviously have no problem with the carrier buying a TENS unit if it is more cost efficient; however, the unit purchased must be the type that is prescribed by the physician.

Mr. Gallagher is in severe pain and he wants to proceed with the appropriate medical treatment to relieve that pain. He is not willing to wait for the carrier to decide to voluntarily comply with the Order rendered by Judge Avery. He is entitled to another formal hearing to enforce the terms of the Order since it appears that the District Director's office is not going to enforce the Order.

Our submission of the LS-18 is not a melodramatic maneuver. The claimant is entitled to appropriate medical treatment as promptly as possible and we fully intend to seek judicial relief on any issue that the carrier does not promptly provide. The carrier apparently forgets that the case has been tried and the employer/carrier lost the issues that they now seek to avoid paying or providing. We will assure opposing counsel that we are extremely serious in our intent to re-litigate any issue that in our opinion the carrier is not complying with.

Ms. Sakeenah Mubashshir
August 31, 1998
Page Two

If the District Director's office will not enforce the terms of the Order, the Office of the Administrative Law Judges will. We are entitled to a referral to Office of the Administrative Law Judges because we have requested the referral. If it is necessary for the Administrative Law Judge to spell out the carrier's responsibilities in third grade level sentences, then that is what we will do.

It is clear that the District Director is required to transfer the claim to the Office of the Administrative Law Judges for hearing upon request of one of the parties [*Ingalls Shipbuilding, Inc., v. Asbestos Health Claimant's,* and *N. Sandra Kitchin, District Director OWCP*, 28 BRBS 12(CRT) (5th Cir. 1994)]. In that case the Fifth Circuit stated:

> "We cannot agree that the Director possesses discretion to delay ordering a hearing after a request for one has been made. . . . However, if it becomes apparent that the claim cannot be settled amicably, or on application of an interested party, the Director's discretion ends and she must refer the case to the OALJ for a hearing. . . . Further, it is clear from the LHWCA itself which mandates that the Director "upon application of any interested party shall order a hearing thereon." [33 U.S.C. § 919(c)]. To allow the Director discretion, after a request for a hearing has been made, . . . would effectively defeat the mandatory language of these provisions. We do not believe that this would be consistent with either the statute or the regulations. Therefore, . . . . we hold that the Director lacked discretion to delay the ordering of a hearing."

The Fifth Circuit made it clear the District Director has no discretionary authority to refuse to refer the claim to the Office of the Administrative Law Judges for hearing and to do so subjects the District Director to an action under 28 U.S.C. § 1361, which we assume will not be necessary.

Very truly yours.

Phil Watkins

PW/jls
gallagher ourso

Ms. Sakeenah Mubashshir
August 31, 1998
Page Three


cc:     Ms. Candace Ourso
        Rice Fowler
        4 Houston Center, Suite 1560
        1331 Lamar Street
        Houston, Texas 77010-3028


        Mr. John C. Gallagher
        P.O. Box 331402
        Corpus Christi, Texas 78463-1402

# HIL WATKINS, P.C

## ATTORNEYS AT LAW

✦ Phil Watkins
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization
✦ Suzette Skolka Kinder
✦ Steve Cichowski, P.E.
✦ Michael S. Miller
✦ José Felix Gonzalez
✦ Craig L. White, P.C.
   Of Counsel
✦ John F. Younger, Jr.
   Of Counsel
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473-1117
Telephone (361) 884-4470
1-800-672-2750
Fax (361) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
————— o —————

May 4, 1999

Ms. Sakeenah Mubashshir
U.S. Department of Labor/OWCP
8866 Gulf Freeway, Suite 140
Houston, Texas 77017-6528

Re:  Claimant    :   John C. Gallagher
     Insured     :   James J. Flanagan Stevedoring
     D/A         :   01/20/95
     OWCP No.    :   8-108980
     Our File No. :  97-9-CC

Dear Ms. Mubashshir:

We have previously submitted our LS-18 and requested that the claim be referred back to the Office of the Administrative Law Judges for hearing on the disputed medical issues in the file in the absence of OWCP issuing an Formal Order ordering the carrier to provide the surgery recommended by the authorized treating physician and several other issues involving the carrier's failure to comply with the provisions of Section 7. Our file does not contain any correspondence indicating the claim has been referred to the Office of the Administrative Law Judges for hearing.

As you are aware, the Fifth Circuit has held that the District Director has a "clear, ministerial and nondiscretionary duty" pursuant to 33 U.S.C. §919(c) to transfer claims in dispute to the Office of the Administrative Law Judges for hearing [*Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 28 BRBS 12 (CRT) (5th Cir. 1994)]. The carrier continues to play its little games at every step of the claim. Gallagher is in constant pain and the delay is not helping his physical or mental condition.

We would expect you to refer the claim to the Office of the Administrative Law Judges for hearing immediately, if it has not already been referred. If it has previously been referred, please provide us with a copy of the referral.

Additional informal proceedings at this late date will be of absolutely no value; therefore, we expect an immediate referral. Dr. Meadows, the authorized treating physician, has now

Ms. Sakeenah Mubashshir
May 4, 1999
Page Two

completed his diagnostic testing and has recommended surgery. The carrier has refused to authorize the surgery and is apparently going to continue such refusal.

Quite frankly, we are tired of the carrier's little games and our collective patience is beginning to run out. We intend to proceed to trial on each and every issue as they arise in the absence of a Formal Order from the District Director which we can enforce in the United States District Court.

Please refer the claim without any delay.

Very truly yours.

James T. Smith
LHWCA Case Coordinator

JTS/lkg
gailagnerref.dol

# PHIL WATKINS, P. .

### ATTORNEYS AT LAW

✦ **Phil Watkins**
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization
✦ **Suzette Skolka Kinder**
✦ **Steve Cichowski, P.E.**
✦ **Michael S. Miller**
✦ **José Felix Gonzalez**
✦ **Craig L. White, P.C.**
  Of Counsel
✦ **John F. Younger, Jr.**
  Of Counsel
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473-1117
Telephone (361) 884-4470
1-800-672-2750
Fax (361) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
———— o ————

June 2, 1999

Fax No. (713) 943-1827

Ms. Sakeenah Mubashshir
U.S. Department of Labor/OWCP
8866 Gulf Freeway, Suite 140
Houston, Texas 77017-6528

| Re: | Claimant | : | John C. Gallagher |
|-----|----------|---|-------------------|
|     | Insured | : | James J. Flanagan Stevedoring |
|     | OWCP No. | : | 8-108980 |
|     | Case No. | : | 97-LHC-1601 |
|     | Our File No. | : | 97-9-CC |

Dear Ms. Mubashshir:

By letter dated August 3, 1998, we filed the claimant's LS-18 and requested that the claim be referred back to the Office of the Administrative Law Judges for hearing on the disputed medical issues. We are now entering June 1999 and the claim apparently still has not been referred. The medical disputes continue and quite frankly, I am unable to explain to the claimant why the claim has not been referred back to the Office of the Administrative Law Judges for an additional trial.

Our client is in severe and continuous pain and has reached the end of his patience. He has instructed us to do what ever is necessary to have the claim referred. The Benefits Review Board has held that the District Director (Deputy Commissioner)has a **mandatory duty** under Section 919(c) of the Longshore and Harbor Workers' Compensation Act to refer a claim for a hearing upon the request of a party [*Eneberg v. Todd Pacific Shipyards*, 30 BRBS 59].

I would suggest to you that there is very little, if anything, that OWCP is going to be able to resolve on any issue involved in this claim and that all disputes are going to have to be resolved by a hearing. If OWCP was going to attempt to resolve any dispute in the medical area in this claim, it should have been done many months ago when the issues were first brought up. The carrier continues to dispute the medical recommendations of the authorized treating physician at every step and that has made it necessary for the claimant to personally incur the cost of the recommended Ms. Sakeenah Mubashshir

June 2, 1999
Page Two

diagnostic testing.  Even in the face of the positive test results, the carrier continues to controvert the recommended treatment.  The carrier has finally made an appointment for the claimant to be examined by its choice of physician.  It is very unlikely that the results of that examination will change any of the positions in the file, and is it unlikely that any additional examinations will be of any value.  It appears that some of the parties forget that this claim has already been tried and that the claimant's back injuries have already been held to be related to the accident; therefore, that can not be disputed.

As you are aware, Sandy Kitchin (OWCP District 6) was mandamused for refusing to refer claims to the Office of the Administrative Law Judges when requested by one of the parties [*Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants and N. Sandra Kitchin, District Director, OWCP,* 17 F.3d 130, 28 BRBS 12(CRT) (5th Cir. 1994)].  The Fifth Circuit's language is very explicit and leaves no room for interpretation.  The Fifth Circuit stated that the District Director has a nondiscretionary duty to refer to formal hearing.  We do not ever want to unnecessarily embarrass the OWCP staff; however, we have reached the point at which we are not going to have any alternative but to file a Writ of Mandamus if the claim is not immediately referred to the Office of the Administrative Law Judges for hearing.  Please do not force our hand.

Very truly yours,

James T. Smith
LHWCA Case Coordinator

JTS/lkg
gallagherrefer.dol

# PHIL WATKINS, P. C.

## ATTORNEYS AT LAW

✦ Phil Watkins
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization
✦ Suzette Skolka Kinder
✦ Steve Cichowski, P.E.
✦ Michael S. Miller
✦ José Felix Gonzalez
✦ Craig L. White, P.C.
  Of Counsel
✦ John F. Younger, Jr.
  Of Counsel
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473-1117
Telephone (361) 884-4470
1-800-672-2750
Fax (361) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
———— o ————

June 24, 1999

Ms. Sakeenah Mubashshir
U.S. Department of Labor/OWCP
8866 Gulf Freeway, Suite 140
Houston, Texas 77017-6528

Re:  Claimant    :   John C. Gallagher
     Insured     :   James J. Flanagan Stevedoring
     D/A         :   01/20/95
     OWCP No.    :   8-108980
     Our File No. :  97-9-CC

Dear Ms. Mubashshir:

This letter will confirm our telephone conversation of June 24, 1999 concerning the issue of whether an examination by a physician selected by OWCP under the provisions of Section 7(e) of the Act should be conducted. During that conversation, I expressed our objection to any additional delay in referring the claim to the Office of the Administrative Law Judges for hearing on the basis that since the employer/carrier has not agreed to be bound by the opinion of a physician selected under Section 7(e), such examination will be of little or no value in resolving the disputes. There is also the very real problem of agreement on a physician who meets the statutory requirements of Section 7(i).

In addition to the question of the necessity of the surgical procedure recommended by Dr. Meadows and Dr. Wilk, the authorized treating physicians, there is also the issue of reimbursement for the cost of the discogram and numerous other medical costs which have not been paid to the medical providers or reimbursed to the claimant, the ILA Pension Welfare Fund or this firm. The claimant has requested that the claim be referred to the Office of the Administrative Law Judges for hearing and such referral is mandatory.

As a result of our conversation, you agreed that you would not attempt to refer the claimant for an examination under Section 7(e) and that you would arrange for the claim to be

Ms. Sakeenah Mubashshir
June 24, 1999
Page Two

referred to the Office of the Administrative Law Judges no later than Friday, June 25, 1999.  Based upon your assurance that the claim will be referred to the Office of the Administrative Law Judges no later than June 25, 1999, we will withhold filing the action we discussed.

Very truly yours.

James T. Smith
LHWCA Case Coordinator

JTS/lkg
gallagherobjme doi

cc:   Mr. Charles F. Herd, Jr.
      Rice & Fowler
      4 Houston Center, Suite 1560
      1331 Lamar Street
      Houston, Texas 77010-3028

      Mr. James Pearce
      Abercrombie, Simmons & Gillette
      P.O. Box 8770
      Corpus Christi, Texas  78468-8770

      Mr. John Gallagher
      P.O. Box 331402
      Corpus Christi, Texas 78463-1402

# HIL WATKINS, P.

### ATTORNEYS AT LAW

✦ Phil Watkins
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization

✦ Suzette Skolka Kinder

✦ Steve Cichowski, P.E.

✦ Michael S. Miller

✦ José Felix Gonzalez

✦ Craig L. White, P.C.
  Of Counsel

✦ John F. Younger, Jr.
  Of Counsel
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473-1117
Telephone (361) 884-4470
1-800-672-2750
Fax (361) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
——— o ———

August 10, 1999

Fax No. (713) 943-1827

Mr. Chris J. Gleasman
U.S. Department of Labor/OWCP
8866 Gulf Freeway, Suite 140
Houston, Texas 77017-6528

Re:   Claimant       :   John C. Gallagher
      Insured        :   James J. Flanagan Stevedoring
      D/A            :   01/20/95
      OWCP No.       :   8-108980
      Our File No.   :   97-9-CC

Dear Mr. Gleasman:

    The time limit you established in your letter of July 28, 1999 has now passed and Mr. Herd has not responded as required by your letter of July 28, 1999. We again request that you refer the claim to Office of the Administrative Law Judges for hearing without further delay.

Very truly yours,

James T. Smith
LHWCA Case Coordinator

JTS/lkg
gallaghermeresp dol

Mr. Chris J. Gleasman
August 10, 1999
Page Two


cc:    Mr. Charles F. Herd, Jr.
        Rice & Fowler
        4 Houston Center, Suite 1560
        1331 Lamar Street
        Houston, Texas 77010-3028


        Mr. John Gallagher
        P.O. Box 331402
        Corpus Christi, Texas 78463-1402

# HIL WATKINS, P.C.

ATTORNEYS AT LAW

✦ Phil Watkins
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization
✦ Suzette Skolka Kinder
✦ Steve Cichowski, P.E.
✦ Michael S. Miller
✦ José Felix Gonzalez
✦ Craig L. White, P.C.
   Of Counsel
✦ John F. Younger, Jr.
   Of Counsel
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473-1117
Telephone (361) 884-4470
1-800-672-2750
Fax (361) 884-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator
——— o ———

August 16, 1999

Fax No. (713) 943-1827

Ms. Sakeenah Mubashshir
U.S. Department of Labor/OWCP
8866 Gulf Freeway, Suite 140
Houston, Texas 77017-6528

| Re: | Claimant | : | John C. Gallagher |
|---|---|---|---|
| | Insured | : | James J. Flanagan Stevedoring |
| | D/A | : | 01/20/95 |
| | OWCP No. | : | 8-108980 |
| | Our File No. | : | 97-9-CC |

Dear Ms. Mubashshir:

We received Mr. Pearce's letter dated August 5, 1999 by fax in the afternoon of August 13, 1999. I can think of absolutely no circumstance under which we would voluntarily agree to have any of our clients examined by Dr. Andrews, Dr. Barrish or Dr. Kennedy under the provisions of Section 7(e). None of those three physicians meet the qualifications of Section 7(i) and the reputations of Dr. Andrews, Dr. Barrish and Dr. Kennedy speak for themselves. Therefore, it is not necessary for me to address them.

As we have previously suggested, there is no reasonable chance of the District Director's office resolving the medical dispute(s) involved in this claim. Please immediately refer the claim to the Office of the Administrative Law Judges without further delay.

Please acknowledge receipt of this correspondence by signing or date stamping the enclosed copy and return it to us in the enclosed pre-addressed and stamped envelope.

Very truly yours,

James T. Smith
LHWCA Case Coordinator

JTS/lkg
gallagherrefer2.dol

Ms. Sakeenah Mubashshir
August 16, 1999
Page Two


cc:     Mr. Charles F. Herd, Jr.
        Rice & Fowler
        4 Houston Center, Suite 1560
        1331 Lamar Street
        Houston, Texas 77010-3028

        Mr. James Pearce
        Abercrombie, Simmons & Gillette
        P.O. Box 8770
        Corpus Christi, Texas  78468-8770

        Mr. John Gallagher
        P.O. Box 331402
        Corpus Christi, Texas 78463-1402

# PHIL WATKINS. P.~
ATTORNEYS AT LAW

+ Phil Watkins
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization
+ Suzette Skolka Kinder
+ Steve Cichowski, P.E.
+ Michael S. Miller
+ José Felix Gonzalez
+ Craig L. White, P.C.
   Of Counsel
+ John F. Younger, Jr.
   Of Counsel
   Board Certified
   Personal Injury Trial Law
   Texas Board of Legal Specialization

600 Leopard Street, Suite 1700
Corpus Christi. Texas 78473-1117
Telephone (361) 384-4470
1-800-672-2750
Fax (361) 384-4486

James T. "Ted" Smith
Longshore & Harbor workers
Case Coordinator

September 15, 1999

Mr. Chris J. Gleasman                                  Fax No  713/943-1827
U.S. Department of Labor/OWCP
8866 Gulf Freeway, Suite 140
Houston, Texas 77017-6528

Re:   Claimant      :    John C. Gallagher
      Insured       :    James J. Flanagan Stevedoring
      D/A           :    01/20/95
      OWCP No.      :    8-108980
      Our File No.  .    97-9-CC

Dear Mr. Gleasman:

      The claimant again objects to the attempt to refer the claimant to Theodore Parsons, M.D
as physician of OWCP's choice under the provisions of Section 7(e) because the claimant continues
to contend that Dr. Parsons is disqualified under the provisions of Section 7(i) and that it will simply
continue to delay the referral of the claim to the Office of the Administrative Law Judges and will not
resolve the disputed issues.  The claimant disagrees with your contention that Dr. Parsons is not
disqualified under Section 7(i) because the carriers/employers who have utilized his services in the
critical time period paid Mentis Medical instead of Dr. Parsons directly.  We were not provided a
copy of your correspondence to Mentis Medical.  Please provide us with a copy of all correspondence
directed to Mentis Medical/Dr. Parsons by your office

      The contention that the method of payment is critical to the Section 7(i) disqualification is
totally without support in the statute, the prevailing case law and with the clear congressional intent.
Section 7(i) is designed to insure that the injured employee is examined by a physician who is truly
impartial and is not an instrument of the employer/carriers.  There is simply no other reason for the
section to exist.  Clearly, Congress did not anticipate that the employer/carriers would object to the
use of physicians who are utilized by employer/carrier.

      The statute states

      "Unless the parties to the claim agree, the Secretary shall not employ

> or select any physician for the purpose of making examinations or
> reviews under subsection (e) of this section who, during such
> employment, or during the period of two years prior to such
> employment, has been employed by, or accepted or participated in any
> fee relating to a workmen's compensation claim from any insurance
> carrier or any self-insurer."

The use of the words "has been employed by, or accepted or participated in any fee" clearly indicates that the disqualification is to be given the broadest possible application. Webster's New Collegiate Dictionary defines participate as "(1) **to take part**, or (2) **to have a part or to share in something**" and employed (employ) is defined as "**to use or engage the services of**." There can be no question that Dr. Parsons shares in the fee paid to Mentis Medical by the employer/carriers. I would suggest that factually there is no question about Dr. Parsons' **participation** in the fees paid to Mentis Medical. If Dr. Parsons does not see patients, he does not get paid. Similarly, there is no question that the services of Dr. Parsons have been used by employer/carriers. I have absolutely no doubt that the formal discovery process will factually establish that Dr. Parsons is unquestionably disqualified under Section 7(i).

The claimant has rights under the Act, one of those being the right to object to a physician chosen by the District Director. Mr. Gallagher has chosen to exercise that right and the application of his Section 7(i) objection is mandatory upon your office upon submission of evidence that the physician is subject to disqualification under Section 7(i). We have instructed Mr. Gallagher not to appear for the examination as scheduled and have notified Dr. Parsons that the claimant will not be attending the September 25, 1999 examination. At most, the questions you posed to Mentis Medical raise factual issues concerning the disqualification of Dr. Parsons under Section 7(i) and simply demonstrate an additional issue to be resolved by an Administrative Law Judge [Jones v. I.T.O. Corporation of Baltimore, 9 BRBS 583 (1979)].

While the claimant has no obligation to show that the claimant would be prejudiced by an examination by a particular physician [Jones, supra], there are also several issues related to the designation of any physician which will guarantee that an examination under the provisions of Section 7(e) will not resolve the dispute over the need for surgery in this particular claim. The questions of predetermination of opinion, prejudice in opinion, failure to comply with the requirements of Section 7(i) are just the beginning of the obstacles in the way of a meaningful examination. The predetermined medical opinion of any physician concerning the diagnostic use of a discogram is going to color his opinion concerning the claimant's need for surgery. If a physician does not use discograms as a diagnostic tool, he is simply not going to accept the results as being diagnostic; therefore, the claimant objects to the use of any physician who does not utilize discograms on the

Mr. Chris J. Gleasman
September 15, 1999
Page Three

basis of predetermination or prejudice.

In addition to the issue of the necessity of surgery, there are the following disputed issues:

1. Carrier's failure/refusal to pay the outstanding medical bills in accordance with the Administrative Law Judge's Order.

2. Carrier's failure/refusal to pay for the rent on the tens unit.

3. Carrier's failure/refusal to reimburse claimant's counsel in accordance with the agreement reached at the hearing for the medical bills claimant's counsel paid.

4. Carrier's failure/refusal to reimburse the claimant for the cost of the discogram.

5. Carrier's failure/refusal to reimburse ILA Pension Welfare for the medical bill it paid.

6. Carrier's failure/refusal to pay interest on Dr. Ganey's medical bill.

7. Carrier's failure/refusal to reimburse claimant for other medical bills he has incurred and paid.

It is unlikely or impossible that any examination is going to resolve the issues outlined above; therefore, a hearing under Section 919(c) is still going to be required. The fact that the carrier agreed to be bound by the opinion of the Section 7(e) examiner is of no significance since the other issues remain outstanding and the claimant is not bound by the opinion of a Section 7(e) physician [*Shell v. Teledyne Movible Offshore, Inc.*, 14 BRBS 585 (1984)]. Nothing short a formal hearing on all of the outstanding issues is going to resolve the claim/disputes. Therefore, we again request that the claim be referred to the Office of the Administrative Law Judges for hearing, without further delay.

Please acknowledge receipt of this correspondence by signing or date stamping the enclosed copy and return it to us in the enclosed pre-addressed and stamped envelope.

Very truly yours,

Phil Watkins

PW/lkg
gallaghenmeobj2ndx doi

Mr. Chris J. Gleasman
September 15, 1999
Page Four


cc:     Mr. Charles F. Herd, Jr.
        Rice & Fowler
        4 Houston Center, Suite 1560
        1331 Lamar Street
        Houston, Texas 77010-3028


        Mr. James Pearce
        Abercrombie, Simmons & Gillette
        P.O. Box 8770
        Corpus Christi, Texas  78468-8770


        Mr. John Gallagher
        P.O. Box 331402
        Corpus Christi, Texas 78463-1402

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JOHN C. GALLAGHER** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CHRIS JOHN GLEASMAN, DISTRICT** | § | **Civil Action No. _____** |
| **DIRECTOR, UNITED STATES** | § | |
| **DEPARTMENT OF LABOR, OFFICE** | § | |
| **OF WORKERS' COMPENSATION** | § | |
| **PROGRAMS** | § | |

## ORDER ON PLAINTIFF'S MOTION FOR MANDAMUS

On the _____ day of _____, 2000, came on to be heard Plaintiff's Motion for

Mandamus compelling Chris John Gleasman, District Director, United States Department of Labor,

Office of Workers' Compensation Programs, to refer Plaintiff's Office of Workers' Compensation

file, number 08-108980, styled *John C. Gallagher, Claimant v. James J. Flanagan Stevedoring,*

*Employer,* to the Office of Administrative Law Judges for hearing under the provisions of 33 U.S.C.

§ 919(c), and the Court, having considered arguments of the parties and the pleadings on file, is of

the opinion that Plaintiff's Motion for Mandamus should, of all things, be **GRANTED.**

**NOW THEREFORE, IT IS HEREBY ORDERED** and **DECREED,** that Plaintiff's

Motion for Mandamus be and is hereby **GRANTED.**

It is further **ORDERED** that Chris John Gleasman, District Director, United States

Department of Labor, Office of Workers' Compensation Programs, shall within ten (10) days refer

Plaintiff's claim, number 08-108980, styled *John C. Gallagher, Claimant v. James J. Flanagan*

*Stevedoring, Employer,* to the Office of Administrative Law Judges for hearing under the provisions

of 33 U.S.C. § 919(c), a duty which is clear, certain and is ministerial in nature, which claim must be

transferred to the Office of Administrative Law Judges for adjudication under 33 U.S.C. § 919(d).

Signed this _____ day of _____, 2000.


_____

JUDGE PRESIDING

2