United States District Court
Southern District of Texas
FILED

**MAY 0 1 2000**

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN C. GALLAGHER, | § | |
| Plaintiff | § | |
| | § | |
| CHRIS JOHN GLEASMAN, District | § | Civil Action No. C-00-70 |
| Director, Office of Workers' Compensation | § | |
| Programs, United States Department of | § | |
| Labor, | § | |
| Defendant | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff and Defendant herein file this their Joint Report of Meeting and Joint Discovery/Case Management Plan pursuant to Rule 26, Fed. R. Civ. P.:

1.      State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

The meeting was held on April 26, 2000 via telephone conference call between Defendant's Attorney in Charge, Joshua T. Gillelan II, Assistant United States Attorney, S-4325 Frances Perkins Building, 200 Constitution Avenue, N.W., Washinton, D.C. 20210, and Douglas E. Dilley, DOUGLAS E. DILLEY, P.C., PHIL WATKINS, P.C., 600 Leopard Street, Suite 1700, Corpus Christi, Texas 78473.

2.      List the cases related to this one that are pending in any state or federal court, with the case number and court.

None.

3.      <u>Briefly</u> describe what this case is about.

-1-

9.

This is brought to compel Chris John Gleasman in his position as District Director, Office of Workers' Compensation Programs, which is charged with the general administration of claims under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*, to refer Plaintiff's claim of disputed medical to the Office of the Administrative Law Judges, which Plaintiff contends is required by 33 U.S.C. § 919(c).

4.   Specify the allegation of federal jurisdiction.

United States Government defendant. This action is brought pursuant to provisions of 28 U.S.C. § 1361 and 33 U.S.C. § 919(c). The jurisdiction in this Court is predicated on the Mandamus and Venue statue which provides that "the district courts shall have original jurisdiction of any action in nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (28 U.S.C. § 1361)

5.   Name the parties who disagree and the reasons.

Not applicable. The parties agree that this is an action in the nature of mandamus, and that it is within the court's jurisdiction.

6.   List anticipated additional parties that should be included, when they will be added, and by whom they are wanted.

Defendant believes the rights of employer, James J. Flanagan Shipping Corporation, are implicated and that they should be present in these proceedings.

-2-

7.    Listed anticipated interventions.

      None at this time.

8.    Describe class-action issues.

      Not applicable.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, state why not and describe the arrangements that have been made to complete the disclosures.

      Plaintiff and Defendant represent that their files regarding disclosures pursuant to Rule 26(a) which would relate to this action are essentially identical, rendering no need to exchange documents relating to this case, and therefore no disclosures are necessary.

10.   Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        All matters pursuant to Rule 26(f), FED.R.CIV.P. have been reviewed, and are not applicable to this action. The parties anticipate that this action may be disposed of on cross-motions for disposition without the introduction of evidence and without the need for either discovery or trial.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        See answer to 10.A above.

    C.  When and to whom the defendant anticipates it may send interrogatories.

        See answer to 10.A above.

D.   Of whom and when the plaintiff anticipates taking oral depositions.

   See answer to 10.D above.

E.   Of whom and when the defendant anticipates taking oral depositions.

   See answer to 10.A above.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   See answer to 10.A above.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

   See answer to 10.A above.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

   See answer to 10.A above.

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   Not applicable.  See answer to 10.A above.

12.   Specify the discovery beyond initial disclosures that has been undertaken to date.

   See answer to 10.A above.

13.   State the date the planned discovery can reasonable be completed.

   See answer to 10.A above.

-4-

14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 meeting.

>   The parties have a purely legal dispute about the proper course of disposition of the pending medical dispute.   Both Plaintiff and Defendant adhere to their respective positions on this issue and can find no room for compromise.

15.   Describe what each party has done or agreed to do to bring about a prompt resolution.

>   See answer to 14 above.

16.   From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable.

>   See answer to 14 above.

17.   Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

>   All parties do not consent.

18.   State whether a jury demand has been made and if it was made on time.

>   Not applicable.

19.   Specify the number of hours it will take to present the evidence in this case.

>   The parties do not anticipate presentation of evidence, see answer to 10.A above.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

>   None.

21.   List other motions pending.

>   None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

   None.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   Defendant made Disclosure of Interested Parties on April 3, 2000; and

   Plaintiff made Disclosure of Interested Parties on April 14, 2000.

24. List the names, state bar numbers, addresses, and telephone numbers of all counsel who have authority to represent the parties completely and bind their positions.

| | |
|---|---|
| Phil Watkins<br>Attorney in Charge<br>Federal ID No. 20710<br>State Bar No. 20927400<br>Steve Cichowski<br>Federal ID No. 20750<br>State Bar No. 00793507<br>Douglas E. Dilley<br>Federal ID No. 10119<br>State Bar No. 05872000<br>**DOUGLAS E. DILLEY, P.C.**<br>**PHIL WATKINS, P.C.**<br>600 Leopard Street, Suite 1700<br>Corpus Christi, Texas 78473<br>(361) 884-4470<br>(361) 884-4486 FAX | **ATTORNEYS FOR PLAINTIFF**<br>**JOHN C. GALLAGHER** |
| Joshua T. Gillelan II<br>Senior Attorney<br>Attorney in Charge<br>S-4325 Frances Perkins Building<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210<br>(202) 219-4405 x. 113<br>(202) 219-7752 FAX | **ATTORNEYS FOR DEFENDANT**<br>**CHRIS JOHN GLEASMAN**<br>**District Director**<br>**Office of Workers' Compensation Programs**<br>**United States Department of Labor** |

Of Counsel
Kurt A. Didier
Assistant United States Attorney
California State Bar No. 117912
Wilson Plaza, Suite 1400
606 North Carancahua
Corpus Christi, Texas 78476
(361) 888-3111
(361) 888-3200 FAX

**(Continued)**
**ATTORNEYS FOR DEFENDANT**
**CHRIS JOHN GLEASMAN**
**District Director**
**Office of Workers' Compensation Programs**
**United States Department of Labor**

**DOUGLAS E. DILLEY, P.C.**
**PHIL WATKINS, P.C.**
600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473
(361) 884-4470
(361) 884-4486 FAX

_____
PHIL WATKINS
Attorney in Charge
State Bar No. 20927400

Date _____

**ATTORNEYS FOR PLAINTIFF**
**JOHN C. GALLAGHER**

United States Attorney's Office
S-4325 Frances Perkins Building
200 Constitution Avenue, N.W.
Washington, D.C. 20210
(202) 219-4405 x. 113
(202) 219 7752 FAX

_____
JOSHUA T. GILLELAN II
~~Assistant Untied States Attorney~~
~~California State Bar No. 117912~~

Date _____

**ATTORNEYS FOR DEFENDANT**
**CHRIS JOHN GLEASMAN**
**District Director**
**Office of Workers' Compensation Programs**
**United States Department of Labor**

-7-